20078

The TRUSTEES OF the COLUMBIA ACADEMY et al., Appellants-Respondents, v. The BOARD OF TRUSTEES OF RICHLAND COUNTY SCHOOL DISTRICT NO. 1 and Daniel R. McLeod, Attorney General of South Carolina, Respondents-Appellants.

(217 S. E. (2d) 587)

*Messrs. Herbert, Dial and Windham,* and *Robinson, Mc-Fadden, Moore and Pope,* of Columbia, *for Appellants-Respondents,* cite:

*Messrs. Boyd, Knowlton, Tate and Finlay,* of Columbia, *for Respondents-Appellants,* cite:

*Daniel R. McLeod, Atty. Gen.,* and *Treva G. Ash-worth, Asst. Atty. Gen.,* of Columbia, *for Respondents-Appellants,* cite:

*Messrs. Herbert, Dial and Windham* and *Robinson, Mc-Fadden, Moore and Pope,* of Columbia, *for Appellants-Respondents,* in Reply.

August 6, 1975.

LITTLEJOHN, Justice:

This action was commenced in the Court of Common Pleas for Richland County on December 22, 1971, by the Trustees of the Columbia Academy (Academy) against

the Board of Trustees of Richland County School District No. 1 (School District) and against the Attorney General, for the purpose of testing the constitutionality of Act No. 585 of the General Assembly, approved July 7, 1971. The issues before the Court at that time were finalized in the opinion of Mr. Justice Brailsford, reported in *Trustees of Columbia Academy v. Board of Trustees of Richland County School District No. 1,* 262 S. C. 117, 202 S. E. (2d) 860 (1974).

There is involved in the contest possession and ownership of real estate in the city of Columbia. After our opinion, by way of supplemental complaint, the Academy prayed the circuit court, "for an order directing that possession of the properties identified in the complaint which are now in possession of Richland School District No. 1 be returned to it [the Academy];" and prayed for "a fair rent for these properties from December 1, 1972 until possession is delivered . . ." By this supplemental complaint, it is the contention of the Academy that under a written instrument dated November 3, 1904, the Academy is entitled to possession of the properties, by reason of this instrument, independent of legislative Act No. 585 of 1971.

The answer of the School District denies the claim of the Academy and prays for an order of the court declaring the School District to be the owner in fee simple absolute of the two parcels of real estate involved.

In 1883 the legislature, by Act No. 269, provided that the Columbia Academy, a private eleemosynary corporation, could recommend two school district trustees for the Columbia City Public Schools to be appointed by the Governor. Previously, in the same year the Academy had contracted with the School District to allow the School District to use the Academy's two parcels of real estate. In 1930, when the city schools became a part of the Richland County School District No. 1, the right to recommend two trustees was continued by Act No. 1106.

In 1904, a new contract for the use of the Academy's two parcels of real estate by the School District was executed. This contract, which is now before us for construction, provided that the Academy could recommend two trustees. The Academy had been making these recommendations already for a period of 21 years under the Act of 1883 referred to hereinabove. Previous contracts between the Academy and the School District providing for the use of the real estate had not included such a provision. In 1971 the legislature, by Act No. 585, (1) revoked the Academy's charter granted in 1795, (2) repealed the right of the Academy to recommend trustees, and (3) transferred title to the two parcels of real estate now owned by the Academy to the School District.

Reference is made to our previous opinion for a more complete history and background of the case. There we held that Act No. 585 was valid insofar as it took from the Academy the right to recommend two School District trustees. We further held that the Act was invalid insofar as it proposed to cancel the Academy's charter and insofar as it provided that "title to all real property and to all improvements thereon held in the name of the Board of Trustees of Columbia Academy is hereby transferred to School District No. 1 of Richland County."

The Court is now called upon to construe the written instrument of 1904 and to declare the rights of the parties. That instrument in pertinent part reads as follows:

"That for and in consideration of the covenants and agreements herein made and contained 'The Trustees of the Academy of Columbia', lessor, has granted and leased and by these presents doth grant and lease unto 'The Board of School Commissioners for the City of Columbia', as lessee, all that block or square of land in said City of Columbia, bounded North by Richland Street, South by Laurel Street, East by Henderson Street, and West by Pickens

Street, upon which now stands the brick building theretofore known as the Columbia Male Academy, and more recently called the Laurel Street Public School, with all the appurtenances thereto belonging. AND ALSO the lot of land at the northwest corner of the intersection of Washington and Marion Streets, bounded North by Dr. Lester and the First Baptist Church, and West by Dr. Woodrow, now commonly known as the Washington Street Public School with all the appurtenances thereto belonging.

"TO HAVE AND TO HOLD the said premises unto the said party of the second part, its successors and assigns, as lessee, in perpetuity, yielding and paying therefor to the party of the first part the sum of one hundred dollars annually for the term of ten years, from the date of this lease. And the said party of the second part for itself, its successors and assigns, doth covenant and agree to and with the party of the first part, its successors and assigns, for and in consideration of the above letten premises as follows:

\* \* \*

"4. That the Board of School Commissioners for the City of Columbia shall include two members who shall have been nominated by the party of the first part and commissioned by the Governor of the State.[1]

\* \* \*

"PROVIDED always and this deed of lease is upon the express condition that upon the failure on the part of the party of the second part to comply with the foregoing conditions and covenants, The Trustees of the Academy of Columbia, and their successors, shall thereupon have the right to reenter and repossess themselves of said letten premises, and to declare this lease forfeited."

The lower court held that neither party owned the property in fee simple absolute. It held that the School District

---

[1] Other conditions and/or covenants have been waived or are admittedly no longer applicable, except one requiring that the property be used "only for the purpose of public schools."

has a legal title to a leasehold in perpetuity so long as the properties are used for public educational purposes. It further ruled that the Academy has only an interest in requiring that the property be used for public educational purposes. It also held that the withdrawal of the right to recommend trustees, resulting from Act No. 585 of 1971, did not bring about a breach or violation of the 1904 contract; that the contract has not been terminated and that the School District is entiled to possession of the two parcels of real estate so long as they are used for public educational purposes. Both parties have appealed. Each contends that it owns a fee simple title absolute.

The Academy submits that the issue of title is no longer open because in the original pleadings the School District did not contest the Academy's right to title. The Academy further submits that even if the issue of title is open, the court should declare that it has fee simple ownership because the indenture of 1904 was clearly a lease which has been broken.

The School District argues that the indenture was a deed which conveyed title to the property on the condition subsequent (1) that it be used for public educational purposes and (2) that the Academy be allowed to nominate or recommend two members of the Board of Trustees. The School District submits that the condition giving the Academy the right to nominate two trustees is void.

The Academy's argument that the issue of title is no longer open is without merit. When this action was originally before us, we held:

"Our affirmance of the judgment appealed from leaves Richland County School District No. 1 in possession of the property described in the complaint under the lease of 1904. We do not read the complaint as challenging the District's right to such possession. This question was expressly reserved in the circuit court. It is not involved on this appeal,

and we express no opinion thereabout." *Trustees of Columbia Academy, supra.*

The School District urges this Court to construe the indenture of 1904 as a deed and to hold that this instrument conveyed full title to the Academy's real estate subject to being divested if used for other than public school purposes.

The Academy urges the court to hold the indenture of 1904 is a lease, and to hold that condition No. 4, quoted above, has been broken thus entitling the Academy to repossession of its properties and to full fee simple ownership.

Admittedly the properties have been used for public school purposes by the School District since 1883. On one parcel there is located the Columbia High School, and on the other the administrative offices of the School District.

We have held previously in our first opinion:

"The privilege of nominating members of the Board of School Commissioners for the City of Columbia, later Richland County School District No. 1, exercised by the Academy over the years, rested in the statutes of 1883 and 1930, not in contract. The Board was wholly without authority to contract with respect to the means of selecting its members. These public offices could be filled only as provided by law."

The condition in the contract granting to the Academy the right to nominate trustees was patently void from its inception. The School District, in exchange for a property right, was in effect attempting to give to the Academy the right to assist in governing the School District. The Acts of 1883 and of 1930 (repealed in 1971) were likewise invalid. See *Bradley v. City of Greenville*, 212 S. C. 389, 46 S. E. (2d) 291 (1948), and *Ashmore v. Greater Greenville Sewer District*, 211 S. C. 77, 44 S. E. (2d) 88 (1947).

Notwithstanding the invalidity of both the contractual provisions and the statutes of 1883 and of 1930, the Academy recommended and the various governors appointed trustees for some 88 years. Apparently the Academy's only activity between 1904 and 1971 consisted of recommending trustees and consenting, in 1963, that one of the parcels be used for School District administrative headquarters.

In all cases of the construction of a contract, the intent of the parties should be carried out unless to do so would violate some established principle of law. We think that a lease was clearly intended, and we are not aware of any settled principle of law that will be transgressed by so holding. The terms of the contract and the actions of both parties over the several decades involved completely negative any intent that a deed was contemplated. On the other hand, we are of the opinion that a lease was definitely what the parties had in mind.

If the indenture be construed a deed with the appointive power as a condition subsequent, the condition even if valid would become nugatory. This is true because the impossibility of performance is due to an act of the legislature and is not attributable to the School District.

"With regard to a condition subsequent, it is a general principle that performance of the condition is excused where it is impossible to comply with it at the time of its creation or becomes so afterward without fault of the grantee or devisee. Thus, impossibility of performance of a condition subsequent which is not attributable to the grantee or devisee results in the vesting of the estate freed from the condition." 28 Am. Jur. (2d) Estates § 158.

The instrument of 1904 is a lease and not a deed, but since it is by its own terms "in perpetuity," we think that impossibility of performance through no

fault of the School District is reason for application of the same rule we would apply were the instrument a deed.

The School District has fulfilled its commitment to the extent of its ability. The property has been fully utilized for nearly a hundred years, and is now being utilized, for the purposes intended by the parties. The fact that the Academy may not now recommend trustees under the circumstances here involved does not invalidate the lease in perpetuity, nor entitle it to reentry and possession.

We reach the same practical result as the court below but by way of a somewhat different route.

We hold:

(1) the indenture of 1904 is a lease;

(2) the Academy has fee simple title burdened by the lease; and

(3) the School District is rightfully in possession and may so remain as long as the property is used for the purpose of public schools."

Affirmed as modified.

Moss, C. J., and Lewis and Ness, JJ., concur.

Brailsford, Acting Associate Justice, concurs in result.

Brailsford, Acting Associate Justice (concurring in result):

In any view of the case, the Academy's supplemental complaint seeks to enforce rights which it claims by reason of the Board's noncompliance with the fourth covenant of the 1904 lease. We held on the former appeal that "(t)he Board was wholly without authority to contract with respect to the means of selecting its members. These public offices could be filled only as provided by law." Hence, we concluded that the 1971 Act re-constituting the Board did not impair any contractual right of the Academy. How then can the same change in the law by the General Assembly

be equated with a contractual default by the Board entitling the Academy to invoke the forfeiture clause of the lease? Being convinced that a negative answer is required, I concur in the result of the opinion of Justice Littlejohn.